IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

JOHN THOMAS RIDGEWAY,      )
                           )
                Petitioner, )      Civil Action No.  3:10-490-RBH -JRM
                           )
v.                         )
                           )
ROBERT M. STEVENSON, III,  )      **REPORT AND RECOMMENDATION**
WARDEN BROAD RIVER         )
CORRECTIONAL INSTITUTION,  )
                           )
                Respondent. )
_____)


        Petitioner, John Thomas Ridgeway ("Ridgeway"), is an inmate at the South Carolina

Department of Corrections serving concurrent thirty year sentences for murder and armed robbery.

On March 1, 2010, he filed a petition, through counsel,[1] asserting that he is entitled to a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Respondent filed a return and motion for summary

judgment on July 23, 2010.  In response, Ridgeway filed a motion for summary judgment on August

16, 2010.  Respondent filed a memorandum in opposition to Ridgeway's motion for summary

judgment on August 27, 2010.

_____

        [1]Ridgeway is represented by John H. Blume, Esquire.  Mr. Blume has represented Ridgeway
continuously since the filing of the application for Post-Conviction Relief ("PCR") in state court.

        [2]This case was automatically referred to the undersigned pursuant to Local Rule
73.02(B)(2)(c) (D.S.C).

**Background and Procedural History**

In October of 1999, Ridgeway, Kevin Bergin ("Bergin"), and Sarah Nickel ("Nickel"), executed a plan to murder and rob Nickel's mother, Nell Davis, at her residence in Beaufort County. The three fled after the crimes but were apprehended.  Ridgeway and Bergin pled guilty to murder and armed robbery on January 8, 2001, pursuant to a negotiated plea. (App. 58).  Ridgeway was represented by Scott W. Lee, Esquire.  Sentencing was deferred so that Ridgeway and Bergin could testify for the State at Nickel's trial.  The record shows that Ridgeway did testify as called for by his plea agreement. (App. 89).  Ridgeway was sentenced on February 8, 2001. (App. 172).

A direct appeal was filed on Ridgeway's behalf by the South Carolina Office of Appellate Defense by way of an Anders[3] brief raising the following issue:

> Whether the judge erred by instructing appellant he could appeal his guilty plea, since the offer of an appeal informed appellant the plea could be set aside on a reserved issue, and therefore made the plea an impermissible conditional plea?

The appeal was dismissed by the South Carolina Court of Appeals. State v. Ridgeway, Unpub.Op.No. 2002-UP-660 (Ct.App. filed October 28, 2002). No further review was sought, and the Remittitur was returned on December 3, 2002.

Counsel filed Ridgeway's PCR on June 24, 2002, asserting that the guilty plea was involuntary, trial counsel was ineffective, and that the sentence was disproportionate in light of the relevant circumstances. (App. 1). An evidentiary hearing was held on April 15, 2008. (App. 19).  At the beginning of the hearing Mr. Blume stated the issues for the benefit of the court.

> The case really raises two substantive challenges to Mr. Ridgeway's guilty plea.  The first is that there was no on-the-record showing of the elements of the offense or no

---

[3] Anders v. California, 386 U.S. 738 (1967).

2

explanation of it; and second, and probably more fundamentally, no factual basis was ever offered for the guilty plea before the Court accepted it.

(App. 22).

Ridgeway presented the testimony of trial counsel.  The matter was taken under advisement, and the court issued an order of dismissal on May 13, 2008. (App. 51).

A petition for writ of certiorari was filed in the South Carolina Supreme Court raising the following issues:

> I.  Applicant's guilty plea failed to satisfy the constitutional requirements established by the US Supreme Court and the SC Supreme Court for a knowing, voluntary, and intelligent plea because trial judge failed to enumerate the crucial elements of the charges during the plea colloquy.
>
> > A.  The trial judge failed to apprize applicant of the elements of the offenses or to insure that applicant was aware of the elements of the offense.
> >
> > B.  The trial judge failed to obtain a factual basis for the plea.
>
> II.  Applicant was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the US Constitution and SC law because trial counsel failed to ensure that the plea satisfied the constitutional requirements.

The petition for writ of certiorari was denied on May 28, 2009.  The Remittitur was returned on June 15, 2009.

### **Grounds for Relief**

In his present petition, Ridgeway asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One**.  Petitioner's guilty plea was not knowing, voluntary and intelligent, and thus violated the Due Process Clause, because the trial judge

3

failed to enumerate the critical and material elements of the charged offenses during the plea colloquy.

a. On December 6, 1999, the Beaufort County Grand Jury indicted Petitioner for the murder and armed robbery of Ms. Nell Davis. Pursuant to a plea agreement, Petitioner, who was only seventeen years old at the time of the offense, agreed to plead guilty and testify against a co-defendant, Sara Nickel, the victim's daughter, in exchange for a thirty-year sentence. Petitioner pled guilty on January 8, 2001. During the plea colloquy, the judge failed to fulfill the constitutional requirement of insuring that Petitioner's plea was knowing, voluntary and intelligent.

b. The trial judge failed to explain and define the elements of the charged offenses. During the plea colloquy, the trial judge asked Petitioner and his attorney a series of questions. The trial judge asked counsel if he had advised Petitioner of the charges in the indictment, the possible punishments, and the right to jury trial. Petitioner's attorney answered affirmatively. (TrI 4). After asking several preliminary questions, the judge asked Petitioner "do you understand the charges you're faced with, sir, as well as the punishment you could receive?" Petitioner responded affirmatively. Tr.I 8. The trial judge next informed Ridgeway of his right to remain silent, to a jury trial, and to confront the witnesses. Tr.I 9-10. The court also asked Petitioner for an admission of guilt. Tr.I 19-20. After several more inconsequential questions, the judge accepted Petitioner's guilty plea. Then, the judge asked the State for the "elements in essence of the crime." Tr.I 20. However, the elements of the offense were never presented to the court or discussed during the plea colloquy.

c. Petitioner's guilty plea fails to satisfy Boykin v. Alabama, 395 U.S. 238 (1969), and its progeny. Petitioner could not properly admit to the offenses of armed robbery or murder without fully understanding the elements of those charges. Furthermore, during the sentencing phase of the plea hearing, after the trial court accepted the plea, Petitioner stated he had no intent to kill the victim. Tr.II 5. Clearly, this statement runs counter to the definition of murder, the killing of a person with malice aforethought either express or implied, *see* S.C. Code Ann. § 16-3-10, and indicates that Petitioner did not understand the critical elements of murder and armed robbery when he admitted his guilt and entered his plea to those charges.

**Ground Two.**   Petitioner's guilty plea was not knowing, voluntary and intelligent, and thus violated the Due Process Clause, because the trial judge failed to establish a factual basis for Petitioner's guilty plea to murder and armed robbery.

a. the trial judge failed to establish a factual basis prior to accepting Petitioner's plea. The "on the record" factual basis requirement protects a defendant from waiving his fundamental constitutional rights without adequately understanding that the conduct

4

does or does not actually fall within the legislatively defined criteria. United States v. Moussaouri 2010 WL 9953, * 34 (4ᵗʰ Cir. Jan. 4, 2010). However, the record of this case is completely devoid of any legally adequate description of the facts giving rise to the indictments.

b. At no time prior to the trial court accepting the plea or pronouncing sentence were the facts of the case presented to the court. during the sentencing proceeding, the solicitor stated that he was unaware if the court received a "factual recitation of what occurred in this matter" and, therefore, deferred to the judge to determine if a factual basis was necessary during the sentencing phase. The Judge responded that he "remember[ed] it well." Tr.II 3. That, however, was inadequate. The factual basis must be on the record before the plea is accepted, and this record lacks any mention whatsoever of the relevant facts. Henderson v. Morgan, 426 U.S. 637 (1976) (plea violated due process because there was no record evidence that defendant had the requisite intent). See also United States v. Punch, 7F.2d 889 (5ᵗʰ Cir. 1983)(holding that requirements of Rule 11 are not satisfied where defendant was read abbreviated version of indictment, which noticeably failed to mention the most critical element of two offenses); United States v. Graves, 720 F.2d 821 (5ᵗʰ Cir. 1983)(holding that transcript of pleas of guilty fails on its face to show a defendant's understanding of charged offenses where colloquy does not establish any explanation or understanding of rather complex legal rules and principles to which defendants were pleading guilty); United States v. Corbett, 742 F.2d 173 (5ᵗʰ Cir. 1984)(holding a guilty plea involuntary where a trial judge made a bare inquiry of defendant regarding whether he understood the nature of charges against him, without reading charges or explanation of charges because it is a complete failure to address issue of whether defendant understands nature of charges, precluding acceptance of guilty plea); Coody v. United States, 570 F.2d 540 (5ᵗʰ Cir. 1978)(noting that routine questions on subject of understanding nature of charges are insufficient under Rule 11, and single response by defendant that he understands charge gives no assurance or basis for believing he does); United States v. Boatright, 588 F.2d 471 (5ᵗʰ Cir. 1979)(holding that reading an indictment to defendant is usually not adequate explanation of charges to defendant, and fact that defendant has also gone over indictment with his attorney does not satisfy requirements of Rule 11); United States v. Cobos, 590 F.2d 1338 (5ᵗʰ Cir. 1979)(noting that where the prosecutor read the indictment but court did not undertake to inform defendant of nature of offense charged, judgment of conviction on guilty plea must be reversed); United States v. Zampitella, 416 F.Supp. 04 (E.D. Pa. 1976)(noting that a guilty plea is involuntary where the record fails to show that the trial court ascertained whether a factual basis existed for guilty plea and the judge's presentence report was not placed on record when he accepted plea).

c. the factual basis requirement also serves other important constitutional interests. First, presenting the facts in open court and on the record allows the judge to determine that the conduct I which the defendant engaged actually falls within the definition of the crime charged. U.S. v. Martinez, 277 F.3d 517, 531 (4ᵗʰ Cir. 2000).

Second, a presentation of the relevant facts provides the defendant an opportunity to object to any false or inaccurate statements. United States v. Marglitz, 773 F.2d 1463, 1464, n.1 (4th Cir. 1985). Third, a factual basis ensures that the conduct alleged by the prosecution is the actual conduct to which the defendant admits. Moussaoui, *supra* at *34. These factors further the public's interest of convicting the guilty and exonerating the innocent. Establishing a factual basis is critical to just adjudication and a knowing, voluntary and intelligent guilty plea.

**Ground Three.**       Petitioner's sentence violates Due Process and Cruel and Unusual Punishment Clauses of the United States Constitution and Article One, Section Three of South Carolina Constitution because it is disproportionate in light of the totality of relevant circumstances.

a. Petitioner's sentence is disproportionate to his culpability. Petitioner, who was a juvenile at the time of the offense, received a sentence of thirty years imprisonment for his role in the death of Nell Davis. Petitioner was clearly less culpable than his two codefendants. In fact, a jury actually acquitted one co-defendant, Sarah Nickel, the daughter of the victim, of murder. The jury, however, found Nickel guilty of armed robbery and sentenced her to thirty years, of which she must serve only 85%. Petitioner's involvement in the tragic events pales in comparison to acts of his co-defendants. Petitioner received the exact sentence as his codefendant, Kevin Bergin, who actually killed the victim. Petitioner also received a greater sentence than that of Nickel, who planned the events which ultimately culminated in the death of her own mother.

b. Failure to tailor the sentences to the individual defendants and to their respective culpability violates due process and constitutes cruel and unusual punishment.

### Discussion

Since Ridgeway filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 1521.

### 1. Disproportionate Sentence

Ridgeway asserts that he is entitled to a writ of habeas corpus because his sentence was disproportionate to that of Bergin's.  Both received the same mandatory minimum sentence for murder - thirty years.  Ridgeway's argument is that he should have been sentenced to a lesser

sentence because Bergin struck the fatal blows. This issue was raised in the PCR and rejected by the court. Respondent argues that this issue is procedurally barred because Ridgeway failed to include it in the petition for writ of certiorari to the appellate court following denial of the PCR. Ridgeway has not responded to Respondent's argument.

The undersigned concludes that this issue is procedurally barred and Ridgeway has not sought to show cause or prejudice. Coleman v. Thompson, 501 U.S. 722 (1991). In any event, the Fourth Circuit has held that "proportionality review... is not available for any sentence less than life imprisonment." United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009), *cert. denied*, __ U.S. __, 130 S.Ct. 1736 (2010).

### 2. Involuntary Guilty Plea

Ridgeway asserts that his plea of guilty "violated the Due Process Clause, because the trial judge failed to enumerate the critical and material elements of the charged offenses during the plea colloquy" and "because the trial judge failed to establish a factual basis for Petitioner's guilty plea to murder and armed robbery." These claims were rejected by the PCR court and the South Carolina Supreme Court.

A guilty plea to be valid must be the informed, voluntary decision of a competent defendant who has the opportunity to receive the advice of a reasonably competent attorney. A defendant must be informed of the charges against him and the protections afforded by the United States Constitution. Boykin v. Alabama, 395 U.S. 238 (1969) and Henderson v. Morgan, 426 U.S. 637 (1976). The defendant must be informed of the direct consequences of his plea such as the maximum sentence and any applicable mandatory minimum sentence. A guilty plea must be "a voluntary and

8

intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

      a. Elements

        Review of the record shows that the trial court did not specifically advise Ridgeway of the essential elements of murder and armed robbery under South Carolina law at the change of plea hearing. However, the trial court did inquire of counsel for Ridgeway and Bergin if they had "advised [their] clients of the charges contained in the indictments against them, the punishments applicable therefore, and their rights to a trial by jury." (App. 61). Counsel answered in the affirmative. Later, the trial court advised Ridgeway and Bergin that they were charged with murder and armed robbery. (App. 64). The trial court asked Ridgeway if he understood the charges, and he replied, "(y)es, Your Honor." (App. 64-65). Later in the change of plea hearing, the trial judge asked Ridgeway if he and trial counsel had "fully reviewed and discussed the charges." Again Ridgeway responded in the affirmative. (App. 74-75).

      At the PCR hearing, Mr. Blume asked trial counsel:

      do you have an independent recollection today as you sit here of whether you went over the elements of - - all the elements of murder with Mr. Ridgeway?

      Counsel responded that he had no specific recollection.

      (App. 30).

Later in the PCR hearing, the court asked trial counsel if "those things" (including the charges) were discussed with Ridgeway. Counsel testified that they were discussed. (App. 35). Then the following exchange took place between the court and trial counsel:

**Question:**    Okay. And he did in fact – you feel as though he understood the elements of murder?

**Answer:**      We had had - - I believe Mr. Blume's question was did you sit down specifically and discuss the elements.  There was no question that - - that there was an unlawful killing.  The real question was - - was malice.  I do remember some conversation regarding the use of a deadly weapon you can infer malice.  But we did discuss the crime of murder and the crime of voluntary manslaughter, the crime of armed robbery, and all the lesser included with the thing.

(App. 360).

Later the PCR court specifically asked trial counsel if his discussion with Ridgeway about going to trial would necessarily include a discussion of the elements of the crime. Counsel responded, "(i)t would - it would include a discussion of what they needed to prove, which would be elements, right." (App. 37).

The discussion in the PCR court's order of dismissal was couched in terms of a claim of ineffective assistance of counsel, a claim not directly raised in the present petition.[4] The PCR court concluded that Ridgeway failed to present evidence to establish error or prejudice under the test of Strickland v. Washington, 466 U.S. 668 (1984).  The PCR court also found that "Ridgeway's testimony at Nickel's trial...demonstrated Applicant's knowledge of the elements of the charged offenses." (App. 55).

When a defendant pleads guilty without a sufficient awareness of the charges, the plea is invalid as a violation of due process. Henderson v. Morgan, 426 U.S. 637 (1976).  However, the Supreme Court has "never held that the judge must himself explain the elements of each charge to the defendant on the record." Boykin v. Alabama, 395 U.S. at 242. Rather, the validity of the plea

---

[4]The PCR court also discussed the requirements of a knowing and voluntary guilty plea pursuant to Boykin, *supra*.

10

is determined by the totality of the circumstances surrounding it. <u>United States v. Moussaoui</u>, 591 F.3d 263, 278 (4th Cir. 2010).

> (T)he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel...where a defendant is represented by counsel, the court usually may rely on the counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty. <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005).

The PCR court had before it the transcript of Ridgeway's guilty plea as well as the testimony of trial counsel at the hearing. Even though the PCR court considered this issue together with Ridgeway's claim of ineffective assistance of counsel, it is clear that the court reviewed the entire record and the totality of the circumstances in concluding that Ridgeway's "guilty plea was entered knowingly and voluntarily within the dictates of <u>Boykin v. Alabama</u>." (App. 56). That record reflects a statement by trial counsel that he fully explained the charges to Ridgeway prior to the plea and an affirmation at the plea by Ridgeway that he understood the charges. The record from the plea hearing is corroborated by trial counsel's testimony from the PCR hearing.

The undersigned concludes that the record is sufficient to establish the finding by the PCR court that there was no violation of <u>Boykin v. Alabama</u>.

b. <u>Factual Basis</u>

There was no factual basis for the pleas of Ridgeway and Bergin entered into the record at the plea hearing. At the sentencing hearing the Solicitor offered to provide "a factual recitation of what occurred in this matter." (App. 174). The trial court responded, "I remember it very well," and then asked trial counsel to speak in mitigation. *(Id.)*. The source of the court's recollection is unclear although Bergin was sentenced by the same judge before Ridgeway was sentenced.

In <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 n. 10 (1970) the Supreme Court mentioned the circumstances under which a court is compelled to establish a factual basis for a guilty plea:

> Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, *see, e.g.*, <u>Griffin v. United States</u>, 132 U.S. App.D.C. 108, 110, 405 F.2d 1378, 1380 (1968); <u>Bruce v. United States</u>, *supra*, 126 U.S.App.D.C., at 342, 379 F.2d, at 119 (1967); <u>Commonwealth v. Cottrell</u>, 433 Pa. 177, 249 A.2d 294 (1969); and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. *See, e.g.*, <u>People v. Serrano</u>, 15 N.Y.2d 304, 308-309, 258 N.Y.S.2d 386, 388-389, 206 N.E.2d 330, 332 (1965); <u>State v. Branner</u>, 149 N.C. 559, 563, 63 S.E. 169, 171 (1908). *See also* <u>Kreuter v. United States</u>, 201 F.2d 33, 36 (CA10 1952). In the federal courts, Fed.Rule Crim.Proc. 11 expressly provides that a court 'shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.'

Although the Fourth Circuit has not specifically addressed the issue, other courts have held that the Due Process Clause "does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas relief under 28 U.S.C. § 2254. <u>Meyers v. Gillis</u>, 93 F.3d 1147, 1151 (3rd Cir. 1996). *See also* <u>Higgason v. Clark</u>, 984 F.2d 203, 207-208 (7th Cir. 1993); <u>Willbright v. Smith</u>, 745 F.2d 779, 780 (2d Cir. 1984); <u>Wright v. Secretary, Department of Corrections</u>, 2007 WL 4326804, *5 (M.D.Fl.); and <u>Brooks v. Hannigan</u>, 2001 WL 476068, *2 (D.Kan.).

Ridgeway has not raised a claim of factual innocence. The record shows that he gave a complete statement to the police describing his involvement in the murder and armed robbery upon being arrested and that he testified in accord with that statement at Nickel's trial. There is no constitutional requirement for an on-the-record factual recitation prior to acceptance of the plea.

12

## Conclusion

Based on a review of the record, it is recommended that Petitioner's motion for summary judgment be **denied**, that Respondent's motion for summary judgment be **granted**, and that the petition be **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 13, 2011

**The parties are referred to the Notice Page attached hereto.**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).