IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Thomas Ridgeway, | ) | Civil Action No.: 3:10-490-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert M. Stevenson, III, *Warden Broad River Correctional Institution*, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court with Petitioner's [Docket Entry 27] Motion to Alter or Amend Judgment ("Motion to Amend") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[1] filed on March 8, 2011. Petitioner asks this court to reconsider and alter or amend its [Docket Entry 25] Order entered on February 11, 2011, which ultimately granted summary judgment in favor of Respondent and dismissed Petitioner's Petition brought under 28 U.S.C. § 2254. For the reasons set out below, the court denies Petitioner's Motion to Amend.

**Standard of Review**

Motions under Rule 59 are not to be made lightly: "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l*

---

[1] Petitioner indicated that he was also moving pursuant to Rule 52 of the Federal Rules of Civil Procedure. Rule 52 governs "Findings and Conclusion by the Court." Initially, the court is unclear as to this rules' applicability in this matter. *See* Fed. R. Civ. P. 52(a) (governing "action[s] tried on the facts without a jury or with an advisory jury"). Regardless, it appears that Petitioner's standard under Rule 52 is identical to the requisite standard under Rule 59(d). *See Wahler v. Countrywide Home Loans, Inc.*, No. 1:05CV349, 2006 WL 3327074, at *1 (W.D.N.C. Nov. 15, 2006) ("'Motions made under Fed.R.Civ.P. 52(b) . . . are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories. Instead, these motions are intended to correct manifest errors of law or fact or to present newly discovered evidence.'" (quoting *Evans, Inc v. Tiffany & Co.*, 416 F. Supp. 224, 244 (N.D. Ill. 1976))). Accordingly, for the reasons stated by the court in this Order, Petitioner has failed to meet his burden under both Rule 59(e) and/or Rule 52.

*Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citations omitted). "Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, No. 1:06cv956, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.") (internal citations and quotations omitted).

## Discussion

In his Motion to Amend, Petitioner contends that the court's February 11 Order "contains several factual, legal and analytical errors." Motion to Amend at 1. Petitioner raised three (3) specific grounds in the Motion to Amend. First, that "the record does not support the conclusion that trial counsel engaged in the detailed and meticulous discussion of the elements of the charged

offense required by the Due Process Clause, [and therefore] this court should alter or amend the judgment and grant the writ of habeas corpus." *Id.* at 2. Second, "[P]etitioner also maintains that his guilty plea violates due process because no factual basis of the plea was presented to the state trial court before petitioner's guilty plea was accepted." *Id.* at 3. Third, Petitioner contends that the court erred in denying a certificate of appealability. *Id.* at 4. Respondent timely opposed the Motion to Amend. *See* Response [Docket Entry 28]. Respondent contends that Petitioner, in his first and second grounds, "appears to be re-arguing what the Court has already addressed in its order without showing the requisites of a proper Rule 59 motion." *Id.* at 4. In addition, Respondent argues that "[s]ince the motion to alter lacks merit, the certificate of appealability was properly denied because [Petitioner] has failed to make 'a substantial showing of a denial of a constitutional right.'" *Id.* at 5. The court will address each of Petitioner's three (3) grounds in-turn.

I.    Elements

In this ground, "[P]etitioner maintains that his guilty plea is involuntary . . . because he was not informed of the elements of the offenses to which he pled guilty." Motion to Amend at 1. Essentially, Petitioner contends that "the record does not support the conclusion that trial counsel engaged in the detailed and meticulous discussion of the elements of the charged offense required by the Due Process Clause." *Id.* at 2. However, upon review of this portion of the Motion to Amend, it appears that Petitioner does nothing more than rehash the same arguments that have already been presented to and ruled upon by this court.[2] The undersigned previously, in considering these same

---

[2] For example, in his [Docket Entry 23] Objections to the Magistrate Judge's [Docket Entry 22] Report and Recommendation ("R & R"), Petitioner argued that "there [was] no evidence that anyone, neither trial counsel nor the court, ever explained to petitioner the actual elements of the charged offenses prior to accepting petitioner's guilty plea." Obj. at 3. Petitioner continued, "There may have been some general discussion about the 'charges,' but that is not a substitute for a discussion of each and every element of the charged offense prior to the acceptance of a guilty plea." *Id.* These arguments are identical to those raised

arguments, held that "the PCR court's determination that Petitioner's guilty plea was validly entered was neither unreasonable nor contrary to clearly established federal law, nor resulted in an unreasonable determination of the facts." Feb. 11 Order at 13. Petitioner's mere disagreement with this court's prior order is insufficient to warrant reconsideration under Rule 59(e). *See Hutchinson*, 994 F.2d at 1082. Moreover, to the extent Petitioner may be contending that the court improperly relied on Petitioner's testimony at Nickel's trial in determining the validity of his guilty plea, the claim is without merit. The court determined, independent from an analysis of Petitioner's testimony at Nickel's trial, that the PCR court's determination that Petitioner validly entered his plea of guilty was neither unreasonable nor contrary to clearly establish federal law.[3] The court, in a footnote, noted only that Petitioner's testimony at Nickel's trial "was consistent with his prior plea of guilty," and that Petitioner's statements during his sentencing hearing "d[id] not establish that his guilty plea

---

in the current Motion to Amend.

[3] Specifically, the undersigned ruled as follows:

> [T]he PCR court determined that Petitioner's "plea was entered knowingly, voluntarily, and intelligently pursuant to Boykin v. Alabama." App. [Docket Entry 16-8] at 55-56. In making this determination, the PCR court had the benefit of Petitioner's trial counsel's testimony at the PCR hearing, in addition to the transcript of Petitioner's guilty plea. A review of the guilty plea transcript reveals a statement by trial counsel that he fully explained the charges to Petitioner prior to the plea and an affirmation by Petitioner at the plea hearing that he understood the charges. *See United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (holding that a defendant's statements made under oath at a guilty plea "'carry a strong presumption of verity'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). Moreover, the record from the guilty plea hearing is corroborated by trial counsel's testimony at the PCR hearing, during which he specifically testified that his discussions with Petitioner would have included what the State needed to prove–"which would be the elements [of the crimes charged]." [App. [Docket Entry 16-8] at 39]. The court finds that the PCR court properly considered the "totality of the circumstances" in analyzing Petitioner's guilty plea. *See Moussaoui*, 591 F.3d at 278. Further, based on a review of the entire record, the PCR court's determination that Petitioner's guilty plea was validly entered was neither unreasonable nor contrary to clearly established federal law, nor resulted in an unreasonable determination of the facts.

Feb. 11 Order at 12-13.

4

was unknowingly and unintelligently entered." Feb. 11 Order at 13 n.4. Accordingly, because Petitioner has not presented any grounds that warrant reconsideration or amendment of its prior ruling regarding Petitioner's "elements" claim, Petitioner's Motion to Amend should be denied.

II.    Factual Basis

Next, in the Motion to Amend, "[P]etitioner . . . maintain[ed] that his guilty plea violate[d] due process because no factual basis of the plea was presented to the state trial court before [P]etitioner's guilty plea was accepted." Motion to Amend at 3. However, Respondent argues, and the court agrees, that Petitioner does little more in his Motion than reassert and rehash the same arguments that were previously presented to, considered and rejected by the court. The court notes that Petitioner presented the same case law and same arguments in both his [Docket Entry 20-1] Memorandum in Support of Summary Judgment and his Objections to the R & R. Rule 59 motions should not be used to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson*, 994 F.2d at 1082; *see also Consulting Eng'rs, Inc.*, 2007 WL 2021901, at *2. Regardless, the court still concludes, for the reasons stated on pages 15-16 of its February 11 Order, that "the state court's determination of this claim should not be set aside as there was no constitutional requirement for an on-the-record factual recitation before acceptance of Petitioner's plea." Feb. 11 Order at 16. Thus, Petitioner's Motion to Amend should be denied as to this ground.

III.   Certificate of Appealability

Finally, Petitioner contends that the court erred in denying him a certificate of appealability. Specifically, Petitioner argues that the court should have granted a certificate of appealability

> [g]iven that[] (1) petitioner was only seventeen years old at the time he was sentenced to thirty years day for day imprisonment; (b) petitioner was the least culpable of the three co-defendants but was punished as or more harshly than either of them; (c) this

> is a very unusual plea in that neither the record does not reveal that the elements of the crimes were provided to petitioner nor was a factual basis for the plea offered to the court, and, (d) the other arguments set forth above.

Motion to Amend at 4. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, for the reasons stated in this Order and this court's February 11 Order, the court finds that Petitioner's constitutional claims are without merit. As to the "elements" claim, the PCR court reasonably concluded that, based on the totality of the circumstances, Petitioner knowingly and voluntarily entered a valid plea of guilty;[4] there is no requirement that "the judge must himself explain the elements of each charge to the defendant on the record." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). And, as to the "factual basis" claim, Petitioner has not shown that there is a constitutional requirement for an on-the-record factual basis prior to accepting a guilty plea. Thus, because Petitioner's constitutional claims do not appear to be debatable, Petitioner has failed to make "a substantial showing of the denial of a constitutional right."[5] Accordingly, Petitioner's Motion to Amend should be denied.

---

[4] It is important to note that Petitioner's trial counsel explicitly indicated to the PCR court that his discussions with Petitioner included what the State needed to prove–"which would be the elements [of the crimes charged]." App. [Docket Entry 16-8] at 39.

[5] The court has also reviewed Petitioner's other arguments, relating to his age and culpability, and finds they lack merit and therefore do not make "a substantial showing of the denial of a constitutional right."

6

## Conclusion

Based on the foregoing, it is therefore **ORDERED** that Petitioner's Motion to Alter or Amend is hereby **DENIED**.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
April 15, 2011